UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____x

VIVA OPTIQUE, INC.                          :

                    Plaintiffs,             :       03 Civ. 8948 (LTS)

        -against-                           :

CONTOUR OPTIK, INC. and                     :       ECF CASE
ASPEX EYEWEAR, INC.
                                            :
                    Defendants.
                                            :
_____x


**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT FRCP 13(a),
12(b)(6), 28 U.S.C. § 2201 and 28 U.S.C. § 1391, or IN THE ALTERNATIVE TO
TRANSFER THE ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA
UNDER 28 U.S.C. § 1404A**


I.      <u>**PRELIMINARY STATEMENT**</u>

        This is the fourth action between the parties relating to the patents in suit and the

accused device known as the "Magic Clip". A California court, and the parties, as

detailed below, have already invested hundreds of thousands of dollars and more than

three years of judicial resources in litigating the issues presently sought to be brought

before this Court by Plaintiff Viva Optique, Inc. ("Viva"). These prior actions have dealt

with many issues, including construction of the claims at issue, and ruling on summary

judgment that the Magic Clip, sold by Viva through its wholly owned subsidiary and

predecessor in interest, Miracle Optics, Inc. ("Miracle"), literally infringe the patent at

issue in this suit. Viva now seemingly seeks a second bite at the apple on issues already

decided by another court. For this, and many other reasons, this case should be

dismissed, or in the alternative, transferred to the Central District of California to be consolidated with a co-pending action in that District.

Almost three years ago on March 28, 2001, Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") (collectively "Defendants") brought an action against Miracle, a California corporation, in this Court for infringement of U.S. Patent Nos. 6,109,747 ("'747 Patent") and 6,109,207 (now reissued as RE37,545) ("'545 Patent") (collectively the "patents in suit"), styled *Aspex Eyewear, Inc., et al. v. Miracle Optics, Inc,* Case No. 01 CIV 2671 (McKenna, J.) ("NY Miracle"), a copy of the complete PACER docket is attached hereto as Exhibit A.

On May 21, 2001, Miracle moved to dismiss the New York Miracle case for lack of personal jurisdiction or alternatively to transfer the action to California; a copy of the motion, memorandum of law and Declaration of Eric Liu, Vice President of Miracle is attached as Exhibit B. Judge McKenna granted Miracle's motion and transferred the action to California. *Aspex v. Miracle,* 2001 WL 1464732, No. 01 CIV 2671 (McKenna, J.) (S.D.N.Y. November 19, 2001), a copy of which is attached hereto as Exhibit C.

The New York Miracle case was received by the Central District of California on December 4, 2001, and assigned to the Honorable Lordes G. Baird, Case No. 2:01cv10396. A copy of the complete PACER docket is attached hereto as Exhibit D ("CA Miracle"). It was during the pendency of this case in California, that more than three years of litigation has taken place, and <u>Viva was added as a party defendant to the CA Miracle case on December 4, 2003</u>. *See* Order Granting Plaintffs' Ex Parte Application to add Viva Optique, Inc. as a Named Defendant Pursuant to F.R.C.P. 25(c),

dated December 4, 2003.[1] In the CA Miracle case, Judge Baird found that "Miracle transferred its interests in that litigation to Viva, as required for joinder under Rule 25(c)." Exhibit E.

Not only had Viva been on notice of the Miracle litigation for several years, but it had been served through Miracle, its wholly owned subsidiary, with the ex parte motion to add Viva as a defendant in the California action on November 13, 2003. Exhibit D, Docket Entry No. 204. And, on November 17, 2003, Miracle, on behalf of Viva, filed an opposition to this motion and argued against adding Viva as a defendant to that action. Exhibit D, Docket Entry No. 212. In fact, Viva had acquired Miracle before May of 2002. *See* VisionMonday May 27, 2002, copy of which is attached as Exhibit F.

Judge Baird construed the claims of the patents in suit (Exhibit D, Docket Entry No. 89, as amended on reconsideration, Docket Entry No. 114), and made various significant summary judgment rulings, including that the Magic Clip literally infringes claim 12 of the '747 patent (Exhibit D, Docket Entry No. 195), and denied other motions for partial summary judgment as to infringement and invalidity (Docket Entry No. 135 and 194).[2] On February 6, 2004, however, Judge Baird also found that Aspex and Contour lacked standing to sue under the '747 Patent at the time the complaint was filed in New York on March 28, 2001; indeed, the Court found that Aspex acquired rights in that patent a week later, on April 5, 2001, and refused to add Chic Optic Inc. ("Chic") (Aspex's Canadian sister company, and from whom it deives its exclusive rights to the

---

[1] As this Order of the California Court is "Under Seal," and no Protective Order has yet been entered in this case, a copy of this Order is not attached. Reference is made to the public PACER docket sheets, attached at Exhibit D, Entry No. 236. A copy of the public minute order, also dated December 4, 2003, is attached as Exhibit E.

[2] For obvious reasons related to volume, copies of all documents are not attached to the instant brief; reference is therefore made to the 34 page docket sheet, comprised of more than 300 entries, attached as Exhibit D.

dated December 4, 2003.[1] In the CA Miracle case, Judge Baird found that "Miracle transferred its interests in that litigation to Viva, as required for joinder under Rule 25(c)." Exhibit E.

Not only had Viva been on notice of the Miracle litigation for several years, but it had been served through Miracle, its wholly owned subsidiary, with the ex parte motion to add Viva as a defendant in the California action on November 13, 2003. Exhibit D, Docket Entry No. 204. And, on November 17, 2003, Miracle, on behalf of Viva, filed an opposition to this motion and argued against adding Viva as a defendant to that action. Exhibit D, Docket Entry No. 212. In fact, Viva had acquired Miracle before May of 2002. *See* VisionMonday May 27, 2002, copy of which is attached as Exhibit F.

Judge Baird construed the claims of the patents in suit (Exhibit D, Docket Entry No. 89, as amended on reconsideration, Docket Entry No. 114), and made various significant summary judgment rulings, including that the Magic Clip literally infringes claim 12 of the '747 patent (Exhibit D, Docket Entry No. 195), and denied other motions for partial summary judgment as to infringement and invalidity (Docket Entry No. 135 and 194).[2] On February 6, 2004, however, Judge Baird also found that Aspex and Contour lacked standing to sue under the '747 Patent at the time the complaint was filed in New York on March 28, 2001; indeed, the Court found that Aspex acquired rights in that patent a week later, on April 5, 2001, and refused to add Chic Optic Inc. ("Chic") (Aspex's Canadian sister company, and from whom it deives its exclusive rights to the

---

[1] As this Order of the California Court is "Under Seal," and no Protective Order has yet been entered in this case, a copy of this Order is not attached. Reference is made to the public PACER docket sheets, attached at Exhibit D, Entry No. 236. A copy of the public minute order, also dated December 4, 2003, is attached as Exhibit E.

[2] For obvious reasons related to volume, copies of all documents are not attached to the instant brief; reference is therefore made to the 34 page docket sheet, comprised of more than 300 entries, attached as Exhibit D.

patents in suit) as party to the action. Exhibit D, Docket Entry No. 301. Many of these rulings are now on appeal to the Federal Circuit (*see* Exhibit D, Docket Entries No. 239, 258 and 304).

Notwithstanding all of this procedural history (and the fact that Viva, through Miracle, had asserted counterclaims alleging non-infringement and invalidity of the patents in suit, violation of California's Business and Professional Code and interference with prospective economic advantage), and the expenditure of vast resources by the Courts and the parties (including Viva, through Miracle), Viva filed the instant four count action in this Court on November 12, 2003. Viva seeks a Declaratory Judgment of non-infringement and invalidity of the '747 patent and asserts claims for unfair competition and antitrust violations -- all duplication of the causes in California.

Moreover, on February 18, 2004, Defendants (along with Chic) filed a new action against Miracle and Viva in California, reasserting their claim that Miracle and Viva infringe the '747 Patent - - a claim which Judge Baird has already determined in their favor on summary judgment; the CA Miracle case, among others, is listed as a co-pending related suit, and this new suit has already been transferred to Judge Baird. *Aspex Eyewear, Inc., et al. v. Miracle Optics, et al.*, Case No. 2:04cv01096 (Baird, J.), *see* copy of the Complaint as filed, and copy of the PACER docket sheet, attached hereto as Exhibit G, Docket Entry dated March 5, 2004.[3]

---

[3] Note that the March 5, 2004 docket entry is an order re transfer in accordance with General Order 224, as related to Case No. 98cv7829 (BQRx), closed on the docket, Judge Lordes Baird, presiding, before whom the CA Miracle cases are pending.

4

## II. ARGUMENT

### A. VIVA'S COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IN THE SOUTHERN DISTRICT OF NEW YORK IS IMPROPER UNDER 28 USC § 1391(b)

Section 1391(b) of Title 28 provides: A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, and (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b); *Goldenberg v. Lee,* 1999 WL 390611 *3-4 (E.D.N.Y. 1999). Where venue is challenged by a defendant, plaintiff bears the burden of proving that venue is proper in the forum state. *See Saferstein v. Paul, Mardinly, Durham, James,* 927 F.Supp. 731, 735 (S.D.N.Y. 1996) (quoting *Jordache Enterprises, Inc. v. Brobeck, Phelger & Harrison,* 1994 WL 74860, at *3 (S.D.N.Y. 1994)).

In this case, Plaintiff cannot possibly meet its burden of establishing proper venue. The Defendants in this case do not reside in the same state. *See* Plaintiff's Amended Complaint; Declaration of Thierry Ifergan, attached hereto as Exhibit H. ("Ifergan Dec.") at paragraph 2. Contour is a Taiwanese corporation and Aspex is a Florida Corporation; neither Contour nor Aspex have offices in New York. *See* Ifergan Dec. at Paragraph 2 and 8. In fact, the Plaintiff is not even a New York Corporation; its headquarters are located in New Jersey.[4] Thus, Plaintiff cannot establish proper venue under § 1391(b)(1).

Moreover, because a substantial part of the events giving rise to the claims at issue in this case occurred outside of this district, venue is not proper under § 1391(b)(2).

---

[4] This case was arguably only filed in New York because that is the location of Plaintiff's counsel.

The events relevant to the issue of venue are the allegedly unlawful and threatening actions taken by the Defendants. Plaintiff cannot demonstrate that any of Defendants' conduct occurred in this District. Further, proper venue for Plaintiff's claim that the patents in suit are invalid, and its claim of non-infringement, should have been and were brought in California, where these issues have already been adjudicated. For all the foregoing reasons, this matter should be dismissed because Plaintiff cannot meet its burden of establishing proper venue.

B. <u>VIVA'S COMPLAINT SHOULD BE DISMISSED BECAUSE ALL OF ITS CLAIMS SHOULD HAVE BEEN RAISED AS COMPULSORY COUNTERCLAIMS UNDER FED. R. CIV. P. 13(a) IN THE CALIFORNIA ACTIONS</u>

Viva's Complaint should be dismissed because all of its claims should have been raised, under Rule 13(a), as compulsory counterclaims in the pending California actions. Rule 13(a) states in pertinent part: A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed.R.Civ.P. 13(a). If a party fails to plead a compulsory counterclaim in a federal action, that party is barred from bringing a later independent action on that claim. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred."); *Mopex, Inc. v. American Stock Exchange, LLC,* 2002 WL 342522 (SDNY 2002).

"The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the

6

essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir.1991) (quoting *United States v. Aquavella,* 615 F.2d 12, 22 (2d Cir.1980)).

"Rule 13(a) 'was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Const. Co. v. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). "The rule 'was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Id.* "If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.,* 233 F.3d 697, 699 (2d Cir.2000)(citing *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)).

Further, "a party not named in litigation may still be an opposing party for Rule 13 purposes in certain cases in which the party is functionally identical to the actual opposing party named in the litigation." *Transamerica Occidental Life Insurance Co. v. Aviation Office of America, Inc.,* 292 F.3d 384, 390 (3d Cir.2002) (citing *Banco Nacional de Cuba v. First National City Bank of New York,* 478 F.2d 191 (2d Cir.1973)). " '[O]pposing party' in Rule 13(a) should include parties in privity with the formally named opposing parties." *Id.* at 393 (explaining that privity was created when the party assigned rights respecting the litigation to another party).

Thus, simply because Viva was only recently named as a Defendant in the California action does not mean that it does not qualify, under Rule 13(a), as an opposing

party that is barred from raising related claims in this separate action. Viva acquired Miracle in May of 2002. Exhibit F. Viva's privity with Miracle as its successor in interest brings it clearly within the reach of Rule 13(a).

The Second Circuit has specifically considered the application of Rule 13(a) to facts similar to the ones now before this Court. In *Critical-Vac*, the Second Circuit held that a party's antitrust claim based on a patent owner's attempt to enforce an invalid patent must be raised as a compulsory counterclaim in the previously filed suit that originally alleged patent infringement. The Second Circuit affirmed the lower court's dismissal of a second action raising antitrust claims. *Id.*

In the pending California case, Contour and Aspex accused Miracle and Viva of infringing the '545 and '747 patents. In that same case, Miracle filed counterclaims of invalidity and non-infringement as well as claims related to unfair competition. In addition to raising identical invalidity and non-infringement claims in the action now before this Court, Viva also includes a claim for unfair competition and antitrust violations. The first substantive paragraph of its antitrust claim reads in relevant part as: "Defendants have agreed, combined, and conspired to monopolize and otherwise unreasonably restrain trade in the market for eyeglasses . . . by *inter alia*, accusing Viva and others of infringing patents **known to be invalid** or not infringed." Amended Complaint at 10. Thus, Viva's antitrust claim based on Defendants' enforcement of an invalid patent, is barred from this action under the well-established doctrine in *Critical-Vac*, and should be dismissed.

C. VIVA'S DECLARATORY JUDGMENT CLAIMS SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) AND 28 U.S.C. § 2201 BECAUSE THEY WERE WRONGFULLY FILED IN ANTICIPATION OF A SUBSEQUENT ACTION

Viva's first two claims for declaratory judgment should be dismissed because they were wrongfully filed in anticipation of the subsequent action filed by Defendants. The Declaratory Judgment Act provides that a court of the United States "may" declare the rights and other legal relations of any interested party seeking such a declaration. 28 U.S.C. § 2201(a) (1988). The Court must look at more than just the mechanical application of the declaratory judgment standard. The Court must look at the litigation situation as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it. *Federal Ins. Co. v. May Dept. Stores Co.*, 808 F.Supp. 347, 349 (S.D.N.Y. 1992).

The Second Circuit seeks "to avoid acting as umpire on 'race to the courthouse' disputes, stating merely that 'apparent anticipation of litigation' is an 'equitable consideration' and 'may be a factor' in allowing a later filed action to proceed." *Viacom International, Inc. v. Melvin Simon Productions, Inc.*, 774 F.Supp. 858, 867 (S.D.N.Y.1991); *Federal Ins. Co. v. The May Dep't Stores Co.*, 808 F.Supp. 347, 350 (S.D.N.Y. 1992). Under Second Circuit law, "the first suit should have priority, 'absent the showing of balance of convenience in favor of the second action' ... or unless there are special circumstances which justify giving the priority to the second." *Factors, Etc., Inc. v. Pro Arts, Inc.* (2d Cir.1978) 579 F.2d 215, 219, *cert. denied* (1979) 440 U.S. 908. One such special circumstance occurs when a "suit for declaratory judgment is filed in anticipation" of a subsequent action. *Id.; see also Cooperative Centrale Raiffeisen-Boerenleen Bank v. Northwestern Nat'l Ins. Co.*, 778 F.Supp. 1274, 1278 (S.D.N.Y.

9

1991); *Federal Ins. Co. v. May Dep't Stores Co.,* 808 F.Supp. at 350; *Wilson Sporting Goods Co. v. Nicklaus Golf Equipment Co.,* No. 03 C 1520, U.S. Dist. Ct., N.D. Ill., Order dated January 6, 2004 at 8-9 (dismissing claims for declaratory judgment when infringement claims are filed by opposing party 45 days after declaratory judgment was filed) copy attached hereto as Exhibit I.

This case is almost identical to *Wilson Sporting Goods*, supra. Viva's declaratory judgment claims should be dismissed because the Defendants both had filed suit and promptly filed an additional infringement claim against Viva and its wholly owned subsidiary Miracle. The pending California lawsuits clearly put Viva on notice of Defendants' intention to sue Viva for infringement of the '545 and '747 patents. For procedural reasons, the Defendants filed another California action against Viva, which is being consolidated with the other co-pending suit. *Supra., Fn 3*. If Viva's action in this court can at all be construed as being previously filed, under the circumstances, then it only occurred because before the Defendants had a chance to file their Complaint, Viva "beat them to the courthouse" and filed this action. Under these circumstances, the Second Circuit holds that the declaratory judgment action should be dismissed in favor of the infringement case. Further, considering the procedural posture and history of the cases as a whole, judicial economy dictates dismissal of this action in favor of the pending California matters.

D. <u>THIS MATTER SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC § 1404(a)</u>

Even if this Court finds that venue is proper under 28 U.S.C. § 1391, and dismissal is not warranted under Rules 12(b)(6) and 13(a), this matter should still be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). As noted above, the same parties[5] in this case have been litigating these same issues for three years in the Central District of California. The underlying issues in the California action and those now before this court are practically identical. Both cases center on Plaintiff's Magic Clip Product and Defendants' rights in the '545 and '747 Patents. These same parties have already participated in extensive discovery in the California case, and have expended vast resources in briefing these issues. Ifergan Dec. at paragraph 9 and 10. Similarly, the California court has invested a lot of time in educating itself on the relevant issues and in construing the patent claims and the parties' respective rights.

In fact, the California court has already awarded summary judgment in favor of Defendants on Plaintiff's first two causes of action, Invalidity and Non-Infringement. That court has already addressed whether the '545 and '747 Patents are valid, and whether the Magic Clip infringes these patents. The filing of this suit is simply Viva's attempt at another bite of the apple – a practice this court has consistently discouraged. Moreover, Viva's additional claims regarding the Sherman Act and Unfair Competition are clearly reasonably related to defenses and counterclaims raised in California. Thus, as discussed below, all of the § 1404 factors weigh in favor of transferring this matter to California.

---

[5] As noted above, Viva has recently been added to the case as the successor-in-interest of Miracle. The Central District of California has found that "Miracle transferred its interest in the litigation to Viva." Exhibit E.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue is governed by a two-part test: (1) whether the action could have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. *See American Alliance Ins. Co. v. Sunbeam Corp.,* No. 98 Civ. 4703, 1999 WL 38183, at *3 (S.D.N.Y. 1999); *Gerling American Ins. Co. v. FMC Corp.,* No. 97 Civ. 6473, 1998 WL 410898, at *2 (S.D.N.Y. July 22, 1998).

As these same parties and same issues are already part of an almost identical case in the Central District of California, there can be no dispute that this action could have originally been brought in California. Turning to the second prong of the §1404 test, the Court must now balance the convenience factors with the factors favoring an efficient judicial process.

A judge has "[c]onsiderable discretion in adjudicating a motion for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Bionx Implants, Inc. v. Biomet, Inc.,* No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (quoting *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992)). A non-exclusive list of factors to consider includes: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's

choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

As attested to in the Declaration of Thierry Ifergan, attached as Exhibit H, all Defendants' witnesses are in either Florida, California, or Taiwan and documents relevant to the issues in this case are located in Florida, California, or Taiwan. Ifergan Dec. at Paragraph 11 and 12. Contrarily, Plaintiff is a corporation of New Jersey and its wholly owned subsidiary, Miracle, is a California corporation.

Judicial economy and the interests of justice is "a separate component of the court's § 1404(a) transfer analysis ... and **may be determinative** in a particular case." *Tucker Anthony, Inc. v. Bankers Trust Co.*, No. 93 Civ. 0257, 1994 WL 9683, at *8 (S.D.N.Y. Jan. 10, 1994) (emphasis added) (internal citations omitted). The interest of justice is a broad concept which requires the court to consider the totality of the circumstances presented." *Capital Venture Int'l. v. Network Commerce, Inc.*, No. 01 Civ. 4390, 2002 WL 417246, at *1 (S.D.N.Y. Mar.15, 2002) (quoting *Bombardier*, 2000 WL 1721138, at *6). "The interest of justice is implicated where transferring the case would serve the interest of judicial economy." *Capital*, 2002 WL 417246, at *2.

Transfer of venue under § 1404(a) exists "[t]o prevent the 'waste of time, energy and money' and 'to protect litigants and the public against unnecessary inconvenience and expense." *Schuur v. Walt Disney Co.*, No. 98 Civ. 2212, 1998 WL 190321, at *1 (S.D.N.Y. Apr. 21, 1998) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations omitted)).

Transfer is particularly appropriate where, as in this case, there is a prior pending lawsuit in the transferee district involving the same facts, transactions, or occurrences.

*Berg v. First American Bankshares, Inc.,* 576 F.Supp. 1239 (S.D.N.Y.1983); *Durham Production v. Sterling Film Portfolio,* 537 F.Supp. 1241 (S.D.N.Y.1982). Transfer of an action to a district where a related case is pending enables more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest. *Schneider,* 265 F.Supp. at 266-67; *Levitt v. State of Maryland Deposit Ins. Fund Corp.,* 643 F.Supp. 1485, 1493 (E.D.N.Y. 1986). The facts of this case are a perfect example of when judicial economy, alone, should be determinative. The California court has already invested a large amount of time in addressing these issues, construing the patent claims, and conducting a literal infringement analysis. Rearguing these same issues before this Court is in sharp contrast to the spirit of Section 1404. Thus, in the interest of judicial economy, this matter should be transferred to California.

As for the remaining factors regarding the convenience of transfer, because none of the parties, witnesses or documents are located in New York, the judicial efficiency of moving the case to California, clearly outweighs any possible convenience of keeping it in New York.

### III. CONCLUSION

For all the foregoing reasons, this case should either be dismissed or transferred to the Central District of California.

Respectfully Submitted,

By: _____
Jess M. Collen (JC2875)
Matthew C. Wagner (MW9432)
Jeffery A. Lindenbaum (JL     )
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
Fax: (914) 941-6091

*Attorneys for Defendants*

Dated: March 8, 2004

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____x

VIVA OPTIQUE, INC.                              :

                Plaintiffs,          :       03 Civ. 8948 (LTS)

-against-                                       :

CONTOUR OPTIK, INC. and                         :
ASPEX EYEWEAR, INC.
                                                :
               Defendants.
                                                :
_____x


## CERTIFICATE OF SERVICE

I, Laurie P. Leitner, do hereby certify that I caused a true copy of the foregoing:

DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT FRCP 13(a), 12(b)(6), 28 U.S.C. § 2201 and 28 U.S.C. § 1391, or IN THE ALTERNATIVE TO TRANSFER THE ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404A

to be served upon the following Opposing Counsel, in the following manner and addressed in the following form on March 8, 2004:

By USPS First Class Mail, Postage Pre-paid
Jeffery A. Schwab and Michael Aschen
Abelman, Frayne, and Schwab
150 East 42nd Street
New York, New York 10017-5612



Laurie P. Leitner