UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

VIVA OPTIQUE, INC.,

       Plaintiff,

     -v-                                                               No.  03 Civ. 8948 (LTS)(AJP)

CONTOUR OPTIK, INC. and
ASPEX EYEWEAR, INC.,

       Defendants.

--------------------------------------------------------x

## MEMORANDUM ORDER[1]

In this action brought against Defendants Contour Optik, Inc. ("Contour") and Aspex Eyewear, Inc. ("Aspex"), Plaintiff Viva Optique, Inc. ("Plaintiff"), in its Amended Complaint, raises several claims in connection with two patents owned by Contour. Plaintiff's first two causes of action, which sought a declaration of invalidity and a declaration of non-infringement, were dismissed on May 11, 2006. (Docket Entry No. 36.) Plaintiff's remaining two causes of action raise antitrust claims pursuant to the Sherman Act, 15 U.S.C. §§ 1 and 2, and a common law claim of unfair competition. The Court has federal question jurisdiction of Plaintiff's Sherman Act claims pursuant to 28 U.S.C. § 1337 and diversity jurisdiction of Plaintiff's unfair competition claim pursuant to 28 U.S.C. §§ 1332.

Defendants now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[1] *The ECF system provides notice of the entry of this Order to each party that has both entered an appearance in this case and registered with ECF. The ECF-registered attorneys are responsible for providing notice to any co-counsel whose e-mail addresses are not reflected on the ECF docket for this case, and Plaintiff's counsel, upon receiving notice of this Order, is hereby ordered to fax or otherwise deliver promptly a copy to all parties who are not represented by ECF-registered counsel. A certificate of such further service shall be filed within 5 days from the date hereof. Counsel who have not registered for ECF are ordered to register immediately as filing users in accordance with the Procedures for Electronic Case Filing.*

Procedure to dismiss Plaintiff's remaining claims. Defendants also seek an award of their reasonable attorneys' fees and costs associated with Defendants' motion to dismiss. The Court has considered thoroughly all of the parties' submissions. For the following reasons, Defendants' motion to dismiss Plaintiff's remaining claims is granted, without prejudice and with leave to amend, and Defendants' request for an award of fees and costs is denied.

## BACKGROUND

The following is a brief recitation of material facts alleged in Plaintiff's Amended Complaint, which are taken as true for purposes of the instant motion practice. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Contour is the owner and assignee of two patents related to specific designs of eyeglasses. (Am. Compl. ¶ 11, Exs. 1 and 2.) The first patent was issued on August 29, 2000, and the second patent was issued on February 12, 2002. (Id. ¶¶ 18, 20.) Aspex is the exclusive licensee of these patents. (Id. ¶ 13.) Since the issuance of the patents, Defendants have accused Plaintiff and Plaintiff's licensors and customers of manufacturing or selling eyeglasses that allegedly infringe the two patents. Defendants have also threatened to bring suit, and have brought suit, on the bases of the alleged infringements. (Id. ¶¶ 19, 22.)

Familiarity with the procedural posture and history of this case, including the status of related patent infringement suits in other courts, is presumed. (See generally, Docket Entry No. 35 ("Joint Statement Concerning the Status of the Case"); Aspex Eyewear, Inc. v. Miracle Optics, Inc., 434 F.3d 1336 (Fed. Cir. 2006).).

DISCUSSION

*Defendants' motion to dismiss the Amended Complaint*

In evaluating a motion to dismiss a pleading pursuant to Rule 12(b)(6), the Court must take as true the facts alleged in the claimant's pleading and draw all reasonable inferences in its favor. W. Mohegan Tribe & Nation v. Orange County, 395 F.3d 18, 20 (2d Cir. 2004); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). At least where the facts alleged in the challenged pleading are ambiguous as to whether the conduct alleged is sufficient to warrant a finding of culpability, the determination as to whether a pleading articulates facts sufficient to state a claim upon which relief may be granted includes an assessment as to whether sufficient facts are alleged to make the plaintiff's accusations of wrongdoing "plausible." Bell Atlantic Co. v. Twombly, 127 S. Ct. 1955 (2007).

Section 1 of the Sherman Act provides that: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal." 15 U.S.C.A. § 1 (West 2007). Plaintiff's sole factual bases for its Sherman Act Section 1 claim are its allegations that Defendants have accused Plaintiff and others of infringing patents "known to be invalid or not infringed," (Am. Compl. ¶ 47; see also id. ¶ 33), and that Defendants have both threatened and filed patent infringement lawsuits. (Id. ¶¶ 19, 22, 24, 31-32.)

Under the Noerr-Pennington doctrine, litigation as well as concerted efforts incident to litigation may not serve as a basis for an antitrust claim. Ca. Motor Transp. v. Trucking Unlimited, 404 U.S. 508, 511-12 (1972); Primetime 24 Joint Venture v. Nat'l Broadcasting Co., Inc., 219 F.3d 92, 100 (2d Cir. 2000). However, under the "sham exception" to the doctrine, Noerr-Pennington's antitrust immunity does not apply where litigation or other petitioning activity

"is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 144 (1961).  To establish a "sham" judicial proceedings claim, a plaintiff must show that the litigation in question is: 1) objectively baseless; and 2) an attempt to interfere directly with the business relationships of a competitor through the use of the governmental process - as opposed to the outcome of that process - as an anticomeptitive weapon. Primetime, 219 F.3d at 100-01 (quoting Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60 (1993)).

The Amended Complaint is bereft of any factual allegation that would support a finding that the patent infringement claims that have been raised by Defendants in separate litigation are objectively baseless.  Although Plaintiffs do allege that Defendants brought suit believing that the patents were actually not infringed or invalid, Defendants' subjective intent is irrelevant unless it is first found that the challenged litigation is objectively meritless.  Columbia, 508 U.S. at 57 ("objectively reasonable effort to litigate cannot be sham regardless of subjective intent"); id. at 60 ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation").

Aside from the allegation of subjective intent, the Amended Complaint simply asserts that Defendants owned a patent and sought to enforce it.  Given that such behavior is normally expected of patent holders, see Mallinckrodt, Inc. v. Medipart, Inc., 976 F.2d 700, 709 (Fed. Cir. 1992) ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement or proceeded against in the courts.") (quoting Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 37-38 (1913)), the additional generalized allegation that Defendants subjectively believed that their patents were actually invalid or not infringed is insufficient to

sustain a plausible claim that Defendants' suits are objectively meritless.  Compare Twombly, 127 S. Ct. at 1964 (claim alleging parallel conduct plus conspiracy dismissed where "[t]he inadequacy of showing parallel conduct or independence, without more, mirrors the ambiguity of the behavior: consistent with conspiracy, but just as much in line with a wide swath of rational and competitive business strategy") with Primetime, 219 F.3d at 101 (objective sham litigation sufficiently pleaded where the plaintiff satellite provider alleged that defendant television networks filed thousands of challenges to plaintiff's initial designation of household subscribers pursuant to statute, where television networks simply duplicated one another's subscriber lists without any regard to whether the challenged subscriber even received programming from the specific television network, and with no indication as to whether each subscriber was within each television network's predicted Grade B Contour).  Therefore, Defendants' motion to dismiss is granted as to Plaintiff's Sherman Act Section 1 claim.

Section 2 of the Sherman Act provides that: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several states . . . shall be deemed guilty of a felony . . . ." 15 U.S.C.A. § 2 (West 2007).  Plaintiff's Section 2 claim rests on the same allegations as its Section 1 claim, namely, that Defendants have sought to enforce their patents while knowing that the patents were invalid.  To the extent that Plaintiff raises a "sham litigation" claim under Section 2, the claim is dismissed for the reasons previously discussed.

The Court construes Plaintiff's monopoly claim as also asserting a fraudulent procurement claim.[2]  Antitrust liability under Section 2 "may arise when a patent has been procured

---

[2] Defendants' motion to dismiss the Amended Complaint construes Plaintiff's § 2 claim in this fashion, and Plaintiff's opposition does not dispute that characterization.

by knowing and willful fraud, the patentee has market power in the relevant market, and has used its fraudulently obtained patent to restrain competition." C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1367 (Fed. Cir. 1998). Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations as to fraud must be pleaded with particularity. See, e.g., Great Lakes Mink Assoc. v. Furrari, Inc., No. 86 Civ. 6038 (CSH), 1987 WL 33592, at *2 (S.D.N.Y. Dec. 21, 1987) (applying Rule 9(b) to fraudulent procurement of trademark claim). Aside from the conclusory "known to be invalid or not infringed" phrase, Plaintiff's Amended Complaint lacks any particularized allegation whatsoever that would support a finding of fraud in the acquisition of the patent. See, e.g., Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp., 382 U.S. 172, 174 (1965) (counterclaim sufficient to allege fraudulent procurement element of Section 2 claim where it "alleged fraud on the basis that [Defendant] had sworn before the Patent Office that it neither knew nor believed that its invention had been in public use in the United States for more than one year prior to filing its patent application when, in fact, [Defendant] was a party to prior use within such time"). The Amended Complaint also fails to plead the extent of Defendants' market power and does not attempt to define the relevant market. See id. at 177-178. Defendants' patent ownership alone, along with its attendant exclusionary benefits, is insufficient to constitute the requisite market power for a monopoly claim. See C.R. Bard, 157 F.3d at 1368 ("It is not presumed that the patent-based right to exclude necessarily establishes market power in antitrust terms"). Therefore, to the extent that Plaintiff raises a Sherman Act Section 2 claim on the basis of fraudulent procurement resulting in unlawful use of monopoly power, that claim is dismissed. Plaintiff will, however, be granted leave to file and serve one further amended complaint, restating its Sherman Act claims in a sufficient fashion.

        Plaintiff's common law claim of unfair competition is also based on similar

allegations. Plaintiff alleges that Defendants have advised Plaintiff and its customers and licensors of their alleged infringements of Defendants' patents and have threatened to file suit as a result. (Am. Compl. ¶ 61.) It is unclear precisely what unfair competition law or doctrine Plaintiff seeks to invoke here, especially since Plaintiff's opposition to Defendants' motion does not respond directly to Defendants' arguments for dismissal of Plaintiff's unfair competition claim. Therefore, in the interests of efficiency and of providing fair notice to Defendants of exactly what Plaintiff's claim is, Plaintiff's unfair competition claim will be dismissed without prejudice. Plaintiff will be granted leave to amend the claim by specifying the substantive legal basis of the claim. See Moore U.S.A. Inc. v. Std. Register Co., 139 F. Supp. 2d 348, 361 (W.D.N.Y. 2001) (where plaintiff appeared to base unfair competition claim on alleged bad faith litigation, given the apparent lack of basis in New York common law, court dismissed claim without prejudice to provide opportunity for plaintiff to clarify precisely what unfair competition claim it alleged) (citing Bio-Tech. Gen. Corp. v. Genentech, Inc., 886 F. Supp. 377, 384 (S.D.N.Y. 1995) (unfair competition claim is based on allegations that defendant deceives the public into believing that the business name, reputation or good will of one person is that of another)).

In sum, for the foregoing reasons, Defendants' motion to dismiss is granted as to Plaintiff's Sherman Act and unfair competition claims, but without prejudice and with leave to amend under certain conditions as described below.

*Defendants' request for fees and costs*

Defendants also request that the Court impose upon Plaintiff attorney's fees and costs expended in connection with Defendants' motion to dismiss. Defendants do not cite a single rule, statute, case, or any other authority as a basis for this request, and they have failed entirely to proffer

facts that would justify such an award under any fee-shifting statute or procedural rule. Therefore, Defendants' request is denied.

*Plaintiff's conditional requests*

Plaintiff requests that, should Defendants' motion to dismiss be granted, the Court place this case on the suspense docket until the separate patent infringement suit brought in California by Defendants against Plaintiff is resolved, that the case be dismissed without prejudice to Plaintiff's opportunity to raise the same claims after the California case is resolved, or that Plaintiff be granted leave to amend the Amended Complaint, with such amendment to be deferred until after the resolution of the California action. Plaintiff is apparently hopeful that some aspect of the outcome of the California action would provide facts sufficient to cure its pleading deficiencies in this case.

Plaintiff's alternative requests for an extended period of time in which to reformulate its claims are denied. This action was filed on November 12, 2003, the Amended Complaint was filed on December 23, 2003, and the case was on suspense for many of the intervening years while the parties awaited the outcome of other litigation. The Court notes in this connection that the mere fact of a decision in Plaintiff's favor in the California litigation would not alone be sufficient to support a sham litigation claim under the Sherman Act. See C.R. Bard, 157 F.3d at 1369 ("Neither the bringing of an unsuccessful suit to enforce patent rights, nor the effort to enforce a patent that falls to invalidity, subjects the suitor to antitrust liability.")

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted without prejudice.

Plaintiff may file and serve a Second Amended Complaint, reasserting its Sherman Act and/or unfair competition claims, with a courtesy copy for Chambers, no later than **December 27, 2007**. If no amendment is timely served and filed, the Amended Complaint will be dismissed with prejudice and without further advance notice.

The Clerk of Court is respectfully requested to terminate Docket Entry No. 37.

SO ORDERED.

Dated:   New York, New York
         December 6, 2007

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge